UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| J & J Sports Productions, Inc., | ) | |
| | ) | C/A No.: 6:13-cv-02403-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| James Wofford d/b/a Zanzibar, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before this Court on Plaintiff's Motion for Default Judgment, ECF No. 12, and Defendant's Motion to Set Aside Default, ECF No. 15. For the reasons set forth below, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED as moot.

## Background

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a Complaint against Defendant James Wofford ("Defendant") and Rodney Harris on September 5, 2013, based on the alleged interception of Plaintiff's program "'Star Power': Floyd Mayweather, Jr. v. Victor Ortiz Championship Fight Program" (the "Program") which took place on September 17, 2011. ECF No. 1. Defendant was served with the Summons and Complaint on October 9, 2013. ECF No. 6. On November 1, 2013, Plaintiff entered a Request for Entry of Default, ECF No. 7, which was entered by the Clerk of Court on November 4, 2013, ECF No. 8. Plaintiff voluntarily dismissed Rodney Harris on November 4, 2013. ECF No. 9.

Plaintiff moved for Default Judgment against Defendant on December 2, 2013. ECF No. 12. Defendant's attorney filed a Notice of Appearance, ECF No. 14, and a

Motion to Set Aside Default, ECF No. 15, on December 13, 2013.  Plaintiff responded in opposition to Defendant's Motion to Set Aside Default on December 30, 2013. ECF No. 17.  Defendant filed a Reply on January 8, 2014.  ECF No. 18.

## **Standard of Review**

"The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Notably, the burden on Defendant is lower when trying to set aside an entry of default under Rule 55(c), than when trying to set aside a default judgment under 60(b).  *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010).  The Fourth Circuit has a "long-held view that Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'"  *Id.* at 421 (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).  "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."  *Tolson*, 411 F.2d at 130.  "The disposition of motions made under Rule[ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."  *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (citations omitted).

"Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."  *Id.* (citation omitted). When analyzing motions to set aside entries of default, the Fourth Circuit has articulated the following factors: "[1] whether the moving party has a meritorious defense, [2] whether [the movant] acts with reasonable promptness, [3] the personal

responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

## Discussion

With respect to the first factor, Defendant has sufficiently alleged a potential meritorious defense to the claimed violations of 47 U.S.C. § 605(e)(3)(C)(iii) and 47 U.S.C. § 553(c)(3)(C). Defendant states that "[i]f allowed to answer, [his] answer could change the outcome of this case with a finding that either he did not commit the acts complained of at all or that he was not aware he had violated theses statutes." ECF No. 15. Defendant asserts that "he did not commit the acts complained of" and argues that it was his partner, Harris, who obtained the program unlawfully. ECF No. 18. In addition, Defendant asserts that his answer will reveal "that he did not make arrangements for the showing of the subject event" and that his partner Harris "made those arrangements." *Id.* Alternatively, Defendant argues "that he was not aware he had violated these statutes." *Id.* This Court agrees with Plaintiff that Defendant's lack of knowledge would not be a defense to these strict liability offenses. *See* ECF No. 17. However, Defendant may use such an argument on the issue of damages as both of these statutes contain clauses providing for lesser damages when the violation was unintentional. ECF No. 17; *see* 47 U.S.C. § 605(e)(3)(C)(iii); 47 U.S.C. § 553(c)(3)(C). Thus, Defendant may be able to change the outcome of this case with his defense "he did not commit the acts complained of at all." ECF No. 18.

The second factor additionally weighs in favor of granting Defendant's Motion. "When first served with the complaint, [Defendant] tried to get in contact with his

business partner Harris, who was originally a party to this lawsuit." *Id.* After Defendant "realized he was on his own," he attempted to obtain counsel. *Id.* Defendant asserts that he "took immediate steps to hire counsel and attempted to hire an attorney he had used" previously. ECF No. 15. When his attorney "informed him that he needed to contact a lawyer who practiced entertainment law, . . . [Defendant] then contacted the South Carolina Lawyer Referral Service." *Id.* Through this service, Defendant "was given the name of an attorney he could contact who practiced entertainment law." ECF No. 18. Defendant contacted this attorney "who promised to get back with him, but never did." *Id.* Defendant "left messages with the referred attorney," ECF No. 15, and attempted "to set up an appointment" but was unsuccessful, ECF No. 18. When Defendant realized that the attorney would not respond, he sought other counsel, but the "time to answer the Complaint had expired," ECF No. 15, and "default had already been entered," ECF No. 18. Defendant again tried to contact the attorney he had been referred to by the Lawyer Referral Program after receiving notice of default. ECF No. 18.

Only after the time to file a response had expired did Defendant meet with his present counsel on November 22, 2013. *Id.* After Defendant retained this firm, Defendant's new counsel then attempted to "contact Plaintiff's counsel by telephone and email to confer on the motion to set aside the default, but her telephone call was never returned and she received no response to her email. *Id.* Plaintiff filed for Default Judgment on December 2, 2013, and Defendant's counsel filed its Motion to Set Aside Default on December 13, 2013. *Id.* Accordingly, these facts show that

Defendant acted with reasonable promptness and began to reply to filings once he retained competent counsel.

With respect to the third factor, Defendant stresses his previously mentioned difficulties in obtaining legal counsel in order to explain why he did not answer the Complaint. *Id.* Plaintiff argues that "Defendant's excuse that phone calls were not returned does not adequately defend his conduct." ECF No. 17. "For instance, Defendant offers no explanation as to why he did not contact opposing counsel or the Court to seek an extension and/or assistance." *Id.* Defendant retorts that "[w]hile such actions are second nature to attorneys, they are not readily known to persons outside the legal profession. [Defendant] was not aware he could ask for an extension simply because he is not a lawyer and does not know that asking for extensions are [sic] a possibility." ECF No. 18. These facts clearly show, and Defendant concedes, that he only has himself, rather than an attorney, to blame. *Id.* However, the facts alleged by Defendant adequately demonstrate excusable neglect, because Defendant is a "mechanic whose only contact with an attorney was in a workman's compensation matter" and he lacks the legal expertise necessary to ask for an extension or otherwise seek assistance from this Court. *Id.*; *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988) (stating that "[w]hen the party is at fault, . . . the party must adequately defend its conduct in order to show excusable neglect.").

Moreover, in addressing the fourth factor, Defendant argues that "Plaintiff fails to set forth how it would be prejudiced if the default were set aside." ECF No. 18. Plaintiff bases his prejudice argument on "increased difficulties in discovery." ECF

No. 17.  Plaintiff cites to *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), a Ninth Circuit case which lists "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" as evidence of prejudice caused by delay.  ECF No. 17.  This Court is not persuaded that Plaintiff will be prejudiced by this delay, as this Court does not believe that any of the examples of tangible harm cited by the Ninth Circuit appear certain to be present in this case.

Furthermore, the fifth factor is not an issue.  "Plaintiff concedes that aside from the failure to respond to the Complaint and the delay in filing the Motion to Set Aside, there has been no additional history of dilatory conduct."  *Id.*  Therefore, this factor weighs in favor of setting aside the entry of default.

Finally, there appears to be a less drastic sanction.  This Court has the discretion to consider alternative sanctions suggested by either party.  *Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp.*, 812 F. Supp.2d 710 (E.D. Va. 2011).  Plaintiff has requested that, if the default is set aside, it "be permitted to submit its costs and attorneys' fees related to obtaining the default and defending against Defendant's Motion to Set Aside."  ECF No. 17.  While this less drastic sanction is available, this Court does not believe that costs and attorneys' fees are warranted in this case based on the circumstances.

## Conclusion

After reviewing the filings of both parties, this Court finds that Defendant has demonstrated good cause under Rule 55(c) to set aside the entry of default based on Fourth Circuit precedent.  Therefore, the entry of default against this Defendant is set

aside, and Defendant shall have fifteen (15) days from the date of this order to file a responsive pleading.  Because this Court has granted Defendant's Motion to Set Aside Default, Plaintiff's Motion for Default Judgment, ECF No. 12, is moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Aside Default is GRANTED.  Defendant shall have fifteen (15) days from the date of this Order to file a responsive pleading to Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment is DISMISSED as moot.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January  22 , 2014
Anderson, South Carolina