UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| J & J Sports Productions, Inc., | ) | |
| | ) | C/A No.: 6:13-cv-02403-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| James Wofford d/b/a Zanzibar, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before this Court on Defendant's Motion to Compel Discovery pursuant to Fed. R. Civ. P. 37(a)(4) and Local Civil Rules 7.04 & 37.01 DSC, seeking an order compelling Plaintiff to respond to certain interrogatories and requests for production "on the ground that Plaintiff's responses were evasive and incomplete." ECF No. 27. This Court finds that oral argument will not aid its decisional process; hence, this Court denies Defendant's Motion in that regard.[1]  For the reasons stated herein, Defendant's Motion to Compel Discovery is GRANTED as set forth below.

## Background

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed this case on September 5, 2013, alleging that James Wofford and Rodney Harris, doing business as Zanzibar, willfully intercepted a live broadcast of *"Star Power": Floyd Mayweather, Jr. v. Victor Ortiz Championship Fight Program* (the "Progam") on September 17, 2011. ECF No. 1. "Plaintiff paid for and was granted the exclusive, nationwide, television distribution

---

[1] Both Local and Federal Rules provide courts with discretion to decide whether or not oral argument is necessary. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7.08 DSC; Local Civil Rule 37.01(B) DSC ("Motions to compel may be heard at the discretion of the Court.").

rights" to this Program by contract, and entered into sublicensing agreements providing the right to publicly exhibit the Program through individual contracts. *Id.* At the time of the Complaint, Plaintiff was unable to determine without further discovery whether Wofford and Harris "intercepted the Program transmitted by a cable system, in violation of 47 U.S.C. § 553, or transmitted by a satellite signal, in violation of 47 U.S.C. § 605," and thus alleged two alternative counts, as well as a third count of conversion. *Id.* Plaintiff voluntarily dismissed Harris on November 4, 2013. ECF No. 9.

Defendant James Wofford ("Defendant") served Plaintiff with Defendant's First Interrogatories and Defendant's First Request for Production on March 10, 2014. ECF No. 27. Defendant received Plaintiff's responses to these interrogatories and requests on April 24, 2014. *Id.*; *see* ECF Nos. 27-1 & 27-2. Defendant filed the current motion on May 14, 2014, asking this Court to compel complete responses to Interrogatory Nos. 7, 9, 10, 12, and 13, and to compel complete responses to Request for Production Nos. 7, 12, and 14. ECF No. 27. Plaintiff's response was due by June 2, 2014. *Id.* Plaintiff filed a response in opposition on June 3, 2014. ECF No. 28. Defendant timely filed a reply in support of his Motion on June 13, 2014. ECF No. 29.

## Standard of Review

The Fourth Circuit has clearly delineated its position regarding a district court's ability to implement and enforce discovery parameters. "[A] district court has wide latitude in controlling discovery and . . . its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir.

1986) (citations omitted); *see Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders.").  "A motion to compel discovery is addressed to the sound discretion of the district court." *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986); *see Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (internal citation omitted) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.").  "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Ardrey*, 798 F.2d at 682 (citations omitted).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (explaining that "the deposition-discovery rules are to be accorded a broad and liberal treatment" because "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation," and a party's mere claim that the other side is engaging in a "fishing expedition" cannot "preclude a party from inquiring into the facts underlying his opponent's case").  However, a party may not merely assert that

requested materials may lead to the discovery of admissible evidence without presenting any intelligible explanation of how that is so.  *See Cook v. Howard*, 484 F. App'x 805, 813 (4th Cir. 2012) (unpublished per curiam opinion) (describing this type of behavior as "the quintessential fishing expedition"); *Woodson v. McGeorge Camping Ctr., Inc.*, 974 F.2d 1333, at *7 (4th Cir. 1992) (unpublished table decision) (stating that the Fourth Circuit has "never sanctioned 'fishing expeditions'")

"All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."  Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C) states:

> "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:
> (i)      the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.*  "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  "Any motion to

compel discovery shall set forth the grounds for the motion, including a statement explaining why the discovery should be had within the context of the action (where the motion challenges objections) . . . or supporting a challenge to the sufficiency of the response."  Local Civil Rule 7.04 DSC.  "Legal authorities need not be included in the statement unless unusual legal issues are present or a privilege has been asserted."  *Id.*  "Motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed."  Local Civil Rule 37.01(A) DSC.  "The party opposing a motion to compel bears the burden [of] showing why it should not be granted."  *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, No. 4:10-cv-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012).

## Discussion

In this case, Defendant's counsel certified that she attempted to contact Plaintiff's counsel.  ECF No. 27.  Defendant's counsel sent Plaintiff's counsel a letter by regular mail and e-mail on April 30, 2014, "which put Plaintiff's counsel on notice concerning the incomplete responses."  ECF Nos. 27 & 27-3.  Plaintiff had not responded to defense counsel's letter when the current motion was filed on May 14, 2014, within the requisite twenty-one (21) day deadline for filing motions to compel based on Defendant's receipt of Plaintiff's responses on April 24, 2014.  ECF No. 27.

**Request for Production No. 12**

Request for Production No. 12 asks for "a list of license tag numbers taken by the private investigator during the investigation conducted on September 17, 2011." ECF No. 27-2.  Plaintiff states, in its response to Defendant's Motion, that it "has no

further information in response to this request and stands on its response, 'None.'" ECF No. 28-1. Defendant's reply does not object to this explanation. ECF No. 29. Therefore, this Court finds that Defendant's Motion is moot as to Request for Production No. 12 based upon Plaintiff's clarification of its original response.

**Interrogatory No. 7**

Interrogatory No. 7 asks for "the names and addresses of the entities in Greenville County, South Carolina to whom Plaintiff granted sublicensing rights for the Program as alleged in Complaint paragraph 14." ECF No. 27-1. Plaintiff objects to this interrogatory on the basis that disclosure "would impair, intrude, or violate" privacy rights of Plaintiff and certain third parties, and that this interrogatory is "overly broad, and moreover, seeks information which may be extremely voluminous and/or of proprietary, confidential, protective, or sensitive nature." *Id.* Plaintiff further objects to this interrogatory "on the grounds of relevance." *Id.* Plaintiff states that it "did not sublicense with Defendant," and argues that "[t]he fact that Plaintiff may have sublicensed with other establishments . . . has no bearing, and cannot have any bearing, on whether Defendant unlawfully intercepted and published the Program." ECF No. 28-1 (emphasis omitted). Plaintiff believes "this discovery request is designed more to harass Plaintiff than to seek actual discoverable information." *Id.*

Defendant points out that "Plaintiff did not raise any privilege in its objections, but refused to respond based on the violation of the privacy of Plaintiff and third parties." ECF No. 27. Defendant contends that Plaintiff cannot simply avoid responding to this interrogatory, since privacy "is hardly the same as privilege." ECF No. 29. Defendant argues that Plaintiff's relevance objections "are without merit

because it raised the issue of sublicensing rights in its Complaint," and that Plaintiff "cannot now be heard to complain that discovery concerning its Complaint allegations [is] not relevant."  ECF No. 27 & 29.  Defendant asserts that "[t]he very fact that Plaintiff raised the issue in its pleadings makes sublicensing rights relevant to discovery."  ECF No. 29.  Additionally, Defendant argues that discovery on this issue is relevant to determine whether Plaintiff or a different entity actually sold the Program and granted sublicensing rights, and thus, whether Plaintiff has suffered actual harm and has standing to bring this action as a result of Defendant's alleged conduct.[2]  *Id.*  Defendant further suggests that this interrogatory is narrow in scope since it is limited to Greenville County, South Carolina.  *Id.*

This Court finds that Plaintiff has failed to meet its burden of showing that this interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).  This Court also finds that Plaintiff has not shown that the burden or expense of the proposed discovery outweighs its likely benefit, given the sufficiently narrow scope of this interrogatory, which is limited to Greenville County and the one specific Program.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  Therefore, Plaintiff is ordered to completely and fully answer Interrogatory No. 7.

**Interrogatory Nos. 9 and 10, Request for Production No. 7**

Interrogatory No. 9 seeks information about "how Wofford was present and participated in the alleged misconduct."  ECF No. 27-1.  Interrogatory No. 10 seeks "the names, addresses, and telephone numbers of the persons Wofford allegedly

---

[2] Defendant states that Plaintiff's Complaint alleges that the fight in question was shown on DirecTV, and posits that DirecTV may have actually "sold the program thereby granting sublicensing rights." ECF No. 29.  It is unclear where DirecTV is mentioned in Plaintiff's Complaint.

directed in the misconduct." *Id.* (quotation marks omitted). Request for Production No. 7 asks for all documentation that support Plaintiff's assertion that Wofford was present and participated in the misconduct. ECF No. 27-2. Plaintiff's responses to each of these discovery requests state that "Plaintiff's investigation in this matter is not yet completed," and "that the subject matter to which propounding party requests information for is within the scope of knowledge of the propounding party himself." ECF Nos. 27-1 & 27-2. Plaintiff argues that it does not need to disclose this information because Defendant knows "whether he was physically present at the establishment" and "is aware of his own actions." ECF No. 28-1. "Moreover, [Plaintiff argues that] to the extent Defendant seeks an explanation as to how he may be liable, Plaintiff has no obligation to conduct Defendant's research for him." *Id.*

Defense counsel's letter to Plaintiff's counsel states that while "a party may amend its responses during the discovery period, a party cannot respond by saying the information is forthcoming, particularly when the subject event occurred almost three years ago." ECF No. 27-3; *see* Fed. R. Civ. P. 26(e). Since Defendant "denied in his Answer that he was present in the Establishment when the fight was shown," ECF No. 29, he argues that "he is entitled to know on what basis Plaintiff made its allegation in its Complaint," and "that he is entitled to see any documentation that gives evidence of any wrongdoing he allegedly committed." ECF No. 27.

This Court finds that Interrogatory Nos. 9 and 10, and Request for Production No. 7, are relevant given Plaintiff's claim "that the Defendant[] [was] present during, and participated in, the misconduct" and "directed, authorized or supervised the misconduct by another person or persons," despite Defendant's denial of those

allegations.  ECF No. 1 at 3 & 21 at 2.  Plaintiff has failed to demonstrate why Defendant's Motion to Compel should not be granted as to these discovery requests. Therefore, Plaintiff is ordered to completely and fully answer Interrogatory Nos. 9 and 10, and provide the requested documentation for Request for Production No. 7.

**Interrogatory Nos. 12 and 13, Request for Production No. 14**

Interrogatory No. 12 seeks a list of "all establishments investigated by Plaintiff in Greenville County, South Carolina from January 2011 until the present date and . . . the names, addresses and proprietors of said establishments."  ECF No. 27-1. Interrogatory No. 13 asks for "the names, addresses, telephone numbers and email addresses of all private investigators hired to investigate the unauthorized reception of programs licensed by Plaintiff occurring in Greenville County, South Carolina from January 2011 until [the] present date."  *Id.*  Request for Production No. 14 requests "copies of the tip lists issued to private investigators in Greenville County, South Carolina for the month of September 2011."  ECF No. 27-2.  Plaintiff objects to these discovery requests on the basis that disclosure "would impair, intrude, or violate the rights of privacy" of Plaintiff and certain third parties, and that each of these interrogatories and the request are "overly broad, and moreover, seek[] information which may be extremely voluminous and/or of proprietary, confidential, protective, or sensitive nature."  ECF Nos. 27-1 & 27-2.  Plaintiff further objects "on the grounds of relevance."  ECF Nos. 27-1 & 27-2.  Plaintiff argues Defendant's purpose in obtaining this information "is to cast aspersions on Plaintiff and its counsel in an effort to portray itself as a victim," and that this information "has absolutely no bearing on whether Defendant committed an act of piracy."  ECF No. 28-1.  Plaintiff asserts that

Defendant's discovery requests are aimed at harassing Plaintiff, attempting to show that "Plaintiff is the 'bad guy,'" and for the purpose of "conduct[ing] a fishing expedition, nothing more." *Id.* Plaintiff concedes that "Defendant is entitled to know the specific investigator who observed the unlawful exhibition at his establishment" and details of the circumstances surroundings these allegations, but asserts that it has already provided this information to Defendant through its disclosure of an investigator's affidavit. *Id.*; *see* ECF No. 27-1 at 13–14.

Defendant directs this Court's attention to the fact that all of these requests are limited to Greenville County, South Carolina, and that Request for Production No. 14 is further limited to the month of September 2011. ECF No. 27. In addition, Defendant argues that Plaintiff has lost its ability to raise issues of privacy because it provides tip lists to private investigators upon request. *Id.* Defendant asserts that this information is relevant because he "is entitled to discern the nature of the investigations Plaintiff conducts in Greenville County, including the investigators it has hired." ECF No. 27. Defendant further argues that the requested information is relevant due to "concerns as to Plaintiff's motive in bringing this lawsuit," based on the sworn testimony of Michael Southern, one of Plaintiff's investigators. ECF No. 29 & 29-2 (explaining that lists are provided of places that have already been caught, and the investigators visit only places that are not on the list and rate these places based on appearance and clientele). Moreover, Defendant points out that the investigator's affidavit cited by Plaintiff "does not name Wofford or describe him at the scene of the alleged transgression," and again stresses that he "is entitled to face his accuser and find out just how it is he came to be involved in this lawsuit." ECF No.

29.   Defendant posits that the circumstances surrounding Plaintiff's decision to sue him are "entirely relevant to this case, particularly seeing how Plaintiff has already released Harris, the other defendant, and chosen to focus exclusively on Wofford." *Id.* Most importantly, Defendant argues that the requested records and information "will show whether or not Plaintiff has the evidence to support intent" or willful action on the part of Defendant. *Id.*

This Court finds that Request for Production No. 14 is sufficiently narrow in scope to be aimed at obtaining discoverable information, and therefore, Plaintiff is ordered to completely and fully respond to this discovery request.   However, this Court finds that the burden and expense of Interrogatory Nos. 12 and 13, which seek information from January 2011 up until the present date, when the alleged wrongdoing occurred on September 17, 2011, outweigh the likely benefit, especially given Mr. Southern's sworn testimony that "once they've been caught, you can't get them – you can't get those places anymore," meaning that Defendant would not have been targeted following the September 17, 2011 broadcast of the Program that is the basis of this lawsuit.   ECF No. 29-2 at 6; *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); ECF Nos. 1 & 27-1.   Therefore, Interrogatory Nos. 12 and 13 shall be limited to the period of January 2011 through the month of September 2011, and Plaintiff is ordered to answer these interrogatories.

### Conclusion

After a thorough review of the record in this case, this Court finds that Defendant's Motion should be granted as set out above.   Plaintiff is instructed to respond in full to Interrogatory Nos. 7, 9, and 10 of Defendant's First Interrogatories

served on March 10, 2014, as well as Request for Production Nos. 7 and 14 of Defendant's First Request for Production served on March 10, 2014. Plaintiff is also instructed to respond to Interrogatory Nos. 12 and 13 of Defendant's First Interrogatories in the limited manner as described above. If Plaintiff fails to comply with this Court's Order, sanctions may be imposed under Rule 37. *See* Fed. R. Civ. P. 37(b).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is GRANTED as set out in this Order. Plaintiff is ordered to serve discovery responses, in accordance with this Order, within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  30 , 2014
Anderson, South Carolina